JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KB Home Nevada Inc., KB Home Phoenix Inc., KB Home South Bay Inc., and KB Home,<br>　　　　Plaintiffs,<br>　　v.<br>Steadfast Insurance Company, The Zurich Services Corporation, and John J. Diemer,<br>　　　　Defendants. | 2:21-cv-02885-VAP-PLAx<br><br>**Order GRANTING Plaintiffs' Motion to Remand (Dkt. No. 14)** |

Before the Court is Plaintiffs KB Home Nevada Inc., KB Home Phoenix Inc., KB Home South Bay Inc., and KB Home's ("Plaintiffs") Motion to Remand ("Motion"), filed on May 3, 2021.  Having considered the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15 and VACATES the hearing set on June 14, 2021 at 2:00 p.m.  For the following reasons, the Court GRANTS the Motion.

## I.　BACKGROUND

On February 25, 2021, Plaintiffs initiated this action by filing a Complaint against Defendants Steadfast Insurance Company ("Steadfast"),

1

The Zurich Services Corporation ("Zurich"), and John J. Diemer ("Diemer") in the Los Angeles Superior Court and alleged the following claims: (1) breach of contract by Plaintiffs KB Home Nevada Inc. and KB Home against Defendants Steadfast and Zurich; (2) breach of contract by Plaintiffs KB Home Phoenix Inc. and KB Home against Defendants Steadfast and Zurich; (3) breach of contract by Plaintiffs KB Home South Bay Inc. and KB Home against Defendants Steadfast and Zurich; (4) breach of the implied covenant of good faith and fair dealing by Plaintiffs KB Home Nevada Inc. and KB Home against Defendants Steadfast and Zurich; (5) breach of fiduciary duties and/or aiding and abetting breach of fiduciary duties by Plaintiffs against Defendant Zurich; (6) negligent misrepresentation by Plaintiffs against Defendants Zurich and Diemer; and (7) intentional misrepresentation by Plaintiffs against Defendants Zurich and Diemer.  (See Compl.)

This action arises out of an insurance dispute.  Plaintiffs allege they submitted several claims for self-insured retention ("SIR") overpayments totaling over $14 million to Defendant Steadfast.  (See Compl. ¶¶ 1-2, 19-20, 26-36.)  Defendant Steadfast allegedly denied Plaintiffs' claims and failed to reimburse Plaintiffs according to the terms of three Home Builder's Protective ("HBP") insurance policies issued by Defendant Steadfast to Plaintiffs.  (Id.)  The HBP policies required Plaintiffs to make SIR payments and seek reimbursement from Defendant Steadfast.  (Id.)  Plaintiffs allege Defendant Steadfast overcharged them for their SIR obligations for several residential construction projects in Arizona, California, and Nevada.  (Id.) Defendant Zurich provided third-party administration ("TPA") services to Plaintiffs to assist Plaintiffs with managing their SIR overpayments, inter

1  alia.  (Id. ¶ 38.)  Defendant Diemer was an employee of Steadfast and
2  Zurich and was appointed to be Plaintiffs' TPA representative and fiduciary
3  agent.  (Id.)  Defendants Zurich and Diemer opened twenty files where
4  Diemer served as Plaintiffs' TPA and fiduciary agent and charged a fee of
5  approximately $1,750 for each file.  (Id. ¶¶ 39-40.)  Plaintiffs allege
6  Defendants Zurich and Diemer failed to perform any legitimate TPA services
7  for Plaintiffs.  (Id. ¶ 41.)  Instead, Defendant Steadfast set up identical claim
8  files to those prepared by Defendant Zurich.  (Id.)  Defendant Diemer
9  performed claims adjustment services for Defendant Steadfast as its claims
10 adjuster and he worked against Plaintiffs' interests, in direct contravention of
11 his obligations as Plaintiffs' TPA and fiduciary agent.  (Id. ¶¶ 41-42.)

12      Defendants Zurich and Steadfast removed this action to federal court
13 on April 2, 2021.  (See Not. of Removal.)  In the Notice of Removal,
14 Defendants claimed the Court's subject matter jurisdiction is satisfied based
15 on diversity of citizenship of the parties.  (Id.)

16      Pertinent here, according to the allegations in the Complaint, Plaintiff
17 KB Home Nevada Inc. is a citizen of Nevada; Plaintiff KB Home Phoenix
18 Inc. is a citizen of Arizona; Plaintiff KB Home South Bay Inc. is a citizen of
19 California; Plaintiff KB Home is a citizen of California and Delaware;
20 Defendant Steadfast Insurance Company is a citizen of California because it
21 is "licensed and otherwise authorized to do business" in California;
22 Defendant Zurich Services Corporation is a citizen of Illinois but also does
23 business in California; and Defendant John J. Diemer is a citizen of
24 California.  (See Compl. ¶¶ 5-11.)

25      In the Notice of Removal, Defendants contend Defendant Steadfast,
26 like Defendant Zurich, is a citizen of Illinois (see Not. of Removal ¶ 9) and

1  each Plaintiff is diverse from each Defendant in this action, except
2  Defendant Diemer, whose California citizenship and inclusion as a party
3  ordinarily would destroy diversity of citizenship.  Defendants argue
4  Defendant Diemer's California citizenship should not be considered
5  because he was joined as a party fraudulently and should be considered a
6  "sham" defendant.  (Id. ¶ 12.)  According to Defendants, Plaintiffs are unable
7  to state a claim for negligent or intentional misrepresentation under
8  California law against Defendant Diemer because the Complaint fails to
9  allege any material fact Defendant Diemer misrepresented to Plaintiffs.  (Id.
10 ¶¶ 17-20 ("Plaintiffs have not alleged facts sufficient to support a finding that
11 [Defendant Diemer] misrepresented an existing or past material fact or that
12 the alleged misrepresentation was made intentionally (for an intentional
13 misrepresentation cause of action) or without reasonable ground for
14 believing it to be true (for a negligent misrepresentation cause of action).").)

15      Plaintiffs filed the instant Motion on May 3, 2021.[1]  Defendants filed
16 Opposition on May 24, 2021 along with a Request for Judicial Notice
17 ("RJN"), attaching an order issued in William Lyon, Inc., et al. v. Steadfast
18 Insurance Company, et al., No. 30-2018-01027345-CU-IC-CJC (Cal. Sup.
19 Ct. Dec. 30, 2020).[2]  On May 28, 2021, Plaintiffs filed a Reply to the
20 Opposition.

---

[1] Defendants filed a motion to dismiss the Complaint on the same date and that matter is also pending before the Court.  As discussed herein, however, the Court is without subject matter jurisdiction and will not rule on the motion to dismiss.

[2] The Court has reviewed the RJN.  Although it may take judicial notice of orders issued in other cases, U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." (Id.) Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Removal is proper even if a non-diverse defendant is present where that defendant has been fraudulently joined or constitutes a sham defendant. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

---

matters at issue.") (citation omitted), the Court declines to do so here because the Orange County Superior Court's December 30, 2020 order is not germane to the issues raised in the Motion.

establish a cause of action against the non-diverse party in state court.'" Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood v. Illinois Cent. RR. Co., 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established by the latter method if a defendant shows that a party "joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

"[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046. A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018). The defendant must show that joinder was fraudulent by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Thus, "[t]he standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. Oct. 14, 1998). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." Macey v. Allstate Prop. and Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. Sep. 11, 2002).

### III.    DISCUSSION

Plaintiffs move the Court to remand this action back to the Los Angeles Superior Court because they contend the Complaint states "viable"

claims for negligent and intentional misrepresentation against Defendant Diemer, there is not complete diversity among the parties because Defendant Diemer is a citizen of California as are Plaintiffs KB Home South Bay Inc. and KB Home, removal was not proper, and the Court lacks subject matter jurisdiction.  (See Mot.)

In Opposition, Defendants contend removal was proper because Plaintiffs are unable to state a claim against Defendant Diemer, thereby demonstrated his citizenship should be discounted for purposes of establishing the Court's subject matter jurisdiction.  Defendants argue Plaintiffs' claims are governed by Illinois law pursuant to a choice of law provision in the "Claims Services Agreements" between Plaintiffs and Defendant Zurich.  (Opp'n at 1.)  Defendants contend Defendant Diemer's "duties to Plaintiffs were purely contractual; there was no legal, fiduciary, or special relationship between Diemer and Plaintiffs."  (Id. at 1.)  According to Defendants, Plaintiffs cannot state claims for intentional or negligent misrepresentation against Defendant Diemer under Illinois law because they "cannot establish that Diemer misrepresented a statement of material fact." (Id. at 4-10.)

In the Reply, Plaintiffs point out their claims against Defendant Diemer are for torts, not breach of contract, so the choice of law provision in their agreements with Defendant Zurich do not apply and, in any event, they have stated claims for negligent and intentional misrepresentation under both California and Illinois law, which have nearly identical standards.  Plaintiffs argue Defendants have not shown it is obvious that they cannot state those claims against Defendant Diemer.  In the alternative, they seek leave to amend the Complaint.

The Court discusses the parties' arguments in turn.

Preliminarily, it is undisputed that Plaintiffs KB Home South Bay Inc. and KB Home are citizens of California and Defendant Diemer also is a citizen of California. Defendant Diemer's citizenship destroys complete diversity. See Caterpillar Inc., 519 U.S. at 68 (discussing 28 U.S.C. § 1332(a)(1), which requires complete diversity, i.e., "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). The parties do not dispute the amount in controversy. As such, the Court's requirements for subject matter jurisdiction have not been satisfied, unless the fraudulent joinder exception applies in this case.

Next, the Court need not determine whether the choice of law provision applies here because even if the intentional and negligent misrepresentation claims should be construed under Illinois or California law, Defendants have not met their heavy burden of establishing fraudulent joinder. See Ramirez v. FCA US LLC, No. 2:20-CV-11265-AB-JPR, 2021 WL 653022, at *4 (C.D. Cal. Feb. 18, 2021).

Plaintiffs at least possibly state claims for intentional or negligent misrepresentation against Defendant Diemer. See SI 59 LLC v. Variel Warner Ventures, LLC, 29 Cal. App. 5th 146, 154 (2018) ("Negligent misrepresentation requires an assertion of fact, falsity of that assertion, [] the tortfeasor's lack of reasonable grounds for believing the assertion to be true[,] . . . the tortfeasor's intent to induce reliance, justifiable reliance by the person to whom the false assertion of fact was made, and damages to that person." ); Manderville v. PCG&S Group, Inc., 146 Cal. App. 4th 1486, 1498 (2007) ("To establish a claim for deceit based on intentional misrepresentation, the plaintiff must prove seven4 essential elements: (1)

the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff."); Jane Doe-3 v. McLean County Unit Dist. No. 5 Bd. of Directors, 973 N.E.2d 880, 889 (Ill. 2012) (listing elements of fraudulent misrepresentation claim as: "(1) a false statement of material fact; (2) knowledge or belief of the falsity by the person making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance" and explaining "[a] claim for negligent misrepresentation has essentially the same elements . . ., except that the defendant's mental state is different.")

      Plaintiffs allege Defendant Diemer, as well as Defendant Zurich, "repeated representations to [Plaintiffs] that certain facts were purportedly true" including that Defendant Diemer would act as Plaintiffs' TPA and fiduciary. (Compl. ¶ 80-81; see id. ¶¶ 37-38.) As to their intentional misrepresentation claim, Plaintiffs allege the "repeated representations" were made "intentionally." (Id. ¶¶ 88-89, 95.) Plaintiffs paid Defendant Zurich "approximately $1,750 per file for [Defendant] Diemer to act as their TPA and fiduciary agent to administer each of the approximately 20 TPA files set up." (Id. ¶ 40.) "Zurich Services and Diemer never performed the TPA services and fiduciary duties which were promised to Plaintiffs and for

9

1 which Plaintiffs were charged.  Specifically, Zurich Services and Diemer
2 failed to monitor Plaintiffs' SIR payments, identify expenses applicable to the
3 SIR, maximize SIR credit to Plaintiffs for expenditures, identify SIR
4 overpayments, and expedite reimbursement of SIR overpayments."  (Id. ¶
5 41; see also id. ¶¶ 82, 90.)  Defendant Diemer had "no reason to believe
6 that each of [the] representations [made to Plaintiffs] were true when they
7 made them, or made them recklessly and without regard for their truth," he
8 "intended that Plaintiffs rely on the false representations," Plaintiffs relied on
9 the representations reasonably," and Plaintiffs' reliance was "a substantial
10 factor in causing [Plaintiffs'] losses and damages."  (Id. ¶¶ 83-86, 91-97.)

11      On its face, the Complaint sets forth the elements of each claim for
12 intentional and negligent misrepresentation under both California and Illinois
13 law.  Even assuming, arguendo, the allegations were insufficient to state a
14 claim, it is not evident from the Complaint's allegations, nor from
15 Defendants' Opposition, that Plaintiffs "could not possibly recover against"
16 Defendant Diemer.  Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d
17 1034, 1063 (N.D. Cal. 2012).  Defendants appear to rely on the standard set
18 forth in Federal Rule of Civil Procedure 12(b)(6) to show Plaintiffs cannot
19 state claims against Defendant Diemer.  That standard is not applicable
20 here, however.  See Diaz, 185 F.R.D. at 586; Macey, 220 F. Supp. 2d at
21 1117.  To meet the heavy burden required here, Defendants must show, but
22 have failed to "establish that any deficiency in the [C]omplaint cannot
23 possibly be cured by granting Plaintiff leave to amend."  Ramirez, 2021 WL
24 653022 at *4; see also Gebran v. Wells Fargo Bank, N.A., No. CV 16-07616
25 BRO (MRWx), 2016 WL 7471292, at *8-9 (C.D. Cal. Dec. 28, 2016).

26

The burden to demonstrate that a party is a sham defendant is high. Defendants must provide clear and convincing evidence of Plaintiffs' inability to establish a claim against Defendant Diemer. They have failed to do so. Accordingly, Court is without subject matter jurisdiction over this action because complete diversity of the parties is not present.

### IV. CONCLUSION

The Court therefore GRANTS the Motion to Remand this case to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated: 6/10/21

Virginia A. Phillips
United States District Judge